IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PENN-AMERICA INSURANCE COMPANY, a Pennsylvania Corporation | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 07-CV-146-JHP |
| STAN ERVIN d/b/a GENERAL CONTRACTORS, and ALQUITA JOY GOODWIN, an individual | ) ) ) ) ) | |
| Defendants, | ) | |

## ORDER AND OPINION

Before the Court are Defendant Alquita Goodwin's Motion to Dismiss [Docket No. 8] and Defendant Penn-America Insurance Company's Response [Docket No. 9]. For the reasons set forth below, Defendant's Motion is GRANTED.

## BACKGROUND

Defendant Goodwin contracted with Defendant Stan Ervin to make repairs and improvements to Goodwin's home. Goodwin was ultimately dissatisfied with the work performed by Ervin, alleging that it was both incomplete and "shoddy". At the time of performing the work, Ervin was insured by Penn-America under a "Commercial General Liability" policy. Goodwin made a claim against Ervin under that insurance policy and Penn-America paid Goodwin for consequential damages caused by Ervin's poor workmanship but denied coverage for costs associated with completing or replacing the work that had been done by Ervin.

Goodwin subsequently sued Ervin and Penn-America in state court, alleging breach of

contract and home repair fraud against Ervin, and breach of insurance agreement and bad faith against Penn-America. Penn-America has contested Goodwin's standing to sue on the insurance contract, arguing that as a non-party to the contract, Goodwin has no standing to sue. Goodwin claims that Ervin obtained insurance for the benefit of Goodwin thus making her a third-party beneficiary under that insurance contract and giving her standing to sue on the contract. Penn-America denies that Goodwin is a third-party beneficiary of the contract and has twice moved the state court for summary judgment on those grounds. The state court denied both motions. The state court trial has since been stayed pending service of the pre-trial order on a necessary party.

Penn-America has taken advantage of the lull in the proceedings to file the instant suit for declaratory judgment. Penn-America asks this Court to declare: (1) that Goodwin is not an insured, nor a third-party beneficiary, under the policy Penn-America issued to Ervin; and (2) that Penn-America has no duty to defend nor indemnify Ervin. Goodwin has filed the instant Motion to Dismiss arguing for dismissal on two grounds: (1) the *Rooker-Feldman* doctrine bars this Court from hearing Penn-America's suit; and (2) the Court should exercise its discretion under 28 U.S.C. § 2201 and decline to hear Penn-America's suit. The Court addresses Goodwin's second contention first.

## **DISCUSSION**

28 U.S.C. § 2201 authorizes federal district courts to "declare the rights and other legal relations of any interested party seeking such declaration." Section 2201 is just "an authorization, not a command." *Kunkel v. Continental Cas. Co.,* 866 F.2d 1269, 1273 (10th Cir. 1989) (quoting *Public Affairs Assoc., Inc. v. Rickover*, 369 U.S. 111, 112 (1962). Whether to entertain a justiciable declaratory judgment action is a matter committed to the sound discretion of the trial court. *Kunkel,* 866 F.2d at 1273 (internal citations omitted). The Tenth Circuit has provided considerable guidance

to district courts deciding whether or not to exercise such discretion, specifically articulating five factors that should be examined:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' or 'to provide an arena for a race to res judicata'; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

*State Farm Fire & Cas. Co. v. Mhoon,* 31 F.3d 979, 983 (10th Cir. 1994) (internal citations omitted). The Court applies these five factors to each of Penn-America's asserted grounds for declaratory judgment.

## A. Penn-America's First Claim

Penn-America's first assertion is that it is entitled to a declaratory judgment that Goodwin is not an insured, nor a third-party beneficiary, under the policy Penn-America issued to Ervin. There is no doubt that a declaration by this Court would settle the controversy between Goodwin and Penn-America and would clarify the legal relations in issue. The Court, however, is concerned that, having been denied summary judgment on the issue two different times by the state court, Penn-America is simply seeking a third bite at the apple in this new forum. To issue the declaration Penn-America seeks would be to entertain exactly what *Mhoon* says should be avoided, a "race to res judicata." *Id.* Additionally, the issue is one of state law, involving no important federal questions. The state court, who entertains such state law issues on a daily basis, has *twice* addressed the issue and *twice* ruled against Penn-America. Allowing Penn-America an end-around the state court's rulings would violate notions of comity that are central to the co-existence of our federal and state court systems. The better and more effective remedy is to allow this issue to be decided in state

court, by the same court that has already familiarized itself with the issues and claims involved.

Therefore, the Court discretionarily declines to exercise jurisdiction over Penn-America's request for a declaration that Goodwin is not an insured, nor a third-party beneficiary, under the policy Penn-America issued to Ervin.

## B. Penn-America's Second Claim

Penn-America's second assertion is that it has no duty to defend nor indemnify Ervin.[1] By seeking this declaration, Penn-America is essentially asking this Court to resolve a coverage dispute. Although Penn-America casts the issue as being whether or not it has a duty to defend or indemnify Ervin, that issue is indistinguishable from the issue of whether or not Ervin's actions were covered by the insurance policy. Penn-America argues that the issue of whether or not it has a duty to defend or indemnify Ervin "has no preclusive effect on [G]oodwin's ability to press her claims against Ervin." (Pl.'s Resp. at 7.) The Court, however, finds Penn-America's argument difficult to reconcile

---

[1] The Court recognizes that Penn-America seeks a total of five declarations related to its duties toward Ervin:

> (1) Penn-America has no duty to defend or indemnify Stan Ervin d/b/a General Contractors on the claims of home repair fraud;
> (2) Penn-America has no duty to defend or indemnify Stan Ervin d/b/a General Contractors on Goodwin's claim for breach of contract;
> (3) Penn-America has no duty to defend or indemnify Stan Ervin d/b/a General Contractors for property damage to Goodwin's property;
> (4) Penn-America has no duty to defend or indemnify Stan Ervin d/b/a General Contractors for work not done by Ervin;
> (5) Penn-America has no duty to defend or indemnify Stan Ervin d/b/a General Contractors in Case No. CJ-2003-351, Goodwin vs. Stan Ervin, et al., filed in the District Court of Creek County, State of Oklahoma.

(Pl.'s Compl. at 8-9.) For the purposes of the present analysis, however, the Court thinks the declarations Penn-America seeks can be fairly summed up as "a declaration that it has no duty to defend nor indemnify Ervin."

with the facts before it. Goodwin's state court claims against Penn-America are wholly based on Goodwin's allegation that Penn-America has failed to pay insurance proceeds it owes under the insurance contract. The Court cannot see how Goodwin's claims against Penn-America could survive the declaration Penn-America seeks.

Such a declaration would certainly settle the controversy between Goodwin and Penn-America and would clarify the legal relations in issue, but once again other serious issues would be raised. The Court has already addressed the concerns it has over injecting itself into the dispute over whether Goodwin is a party to the insurance contract, and has declined to do so. Were the Court to issue a declaration as to the coverage issues, the Court would still be injecting itself into that dispute, just through an alternative route. Regardless of how Penn-America characterizes the declarations it asks this Court to make, the result of each is the same: the effective disposition of Goodwin's claim against Penn-America. The Court is convinced that such a disposition would be nothing more than allowing Penn-America to engage in a "race to res judicata." Additionally, the comity concerns raised by the Court above are implicated with equal force here. Once again, the better and more effective remedy is to allow these issues to be resolved, as they surely will, in the pending state court litigation.

Therefore, the Court discretionarily declines to exercise jurisdiction over Penn-America's request for a declaration that it has no duty to defend nor indemnify Ervin.

## **CONCLUSION**

For the reasons set forth above, Goodwin's Motion to Dismiss is hereby GRANTED. Because the Court discretionarily declines to exercise jurisdiction, the Court does not reach the

question of whether *Rooker-Feldman* is implicated.

IT IS SO ORDERED.

James H. Payne
United States District Judge
Northern District of Oklahoma